UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYVION ROSS,<br><br>    Plaintiff,<br><br>v.<br><br>N. PALACIOS, et al.,<br><br>    Defendants. | Case No. 23-cv-00640-JST<br><br>**ORDER REQUESTING THAT NONPARTY JOHNSON RESPOND TO MOTION TO COMPEL COMPLIANCE WITH DEPOSITION SUBPOENA; GRANTING REQUEST FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION**<br><br>Re: ECF Nos. 22, 23, 24 |

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983, alleging that defendants SVSP correctional officers C. Tanori, N. Palacios, J. Juarez, G. Dominguez, E. Guijarro, J. Corona, C. Tange, and L. Hernandez used excessive force on him, in violation of the Eighth Amendment. ECF Nos. 1, 8. Now pending before the Court are Defendants' motions to (1) compel compliance with a deposition subpoena served on a nonparty witness, ECF Nos. 22, 24,[1] and (2) change the time to file a dispositive motion, ECF No. 23. For the reasons set forth below, the Court ORDERS .

**DISCUSSION**

**I.  Motion to Compel Compliance with Deposition Subpoena**

Defendants request that the Court compel inmate Johnson, a non-party witness in this case, to comply with the deposition subpoena that was served on both Johnson and Plaintiff on June 11 and 13, 2024. ECF Nos. 22, 24. Defendants state that, during discovery, defense counsel learned that Mr. Johnson was involved in the altercation at issue in this action; and that during Plaintiff's

---

[1] Defendants have filed the motion to compel compliance with a deposition subpoena twice. *Compare* ECF No. 22 *with* ECF No. 24.

1    deposition, Plaintiff affirmed that Mr. Johnson was one of Plaintiff's witnesses. Based on this
2    statement, defense counsel served a deposition subpoena on both Mr. Johnson and Plaintiff on
3    June 11 and 13, 2024 for a deposition on June 24, 2024. Neither Mr. Johnson nor Plaintiff served
4    objections to the deposition subpoena. On June 24, 2024, defense counsel was informed that Mr.
5    Johnson refused to attend the deposition. ECF No. 24 at 3-4; ECF No. 24-1 at 2. Defendants
6    argue that the motion to compel should be granted because (1) Fed. R. Civ. P. 26, 30, 37 allow for
7    discovery orders directing non-parties to appear at depositions; (2) Mr. Johnson's deposition was
8    properly noticed; (3) Mr. Johnson has waived any objections to the deposition subpoena because
9    he has failed to serve timely objections; and (4) Defendants will be prejudiced without Mr.
10   Johnson's testimony as Mr. Johnson observed and was involved in the relevant event, Plaintiff has
11   confirmed that Mr. Johnson is one of his witnesses, Mr. Johnson's deposition is necessary to
12   assess Mr. Johnson's credibility and assess the credibility of the statements of other witnesses, and
13   Mr. Johnson's testimony is relevant as to whether Defendants' use of force was reasonable.
14   Defendants further argue that the meet-and-confer requirement set forth in the local rules should
15   be waived because circumstances rendered the requirement impracticable, in that there was
16   insufficient time to meet-and-confer with Plaintiff between Mr. Johnson's refusal to sit for the
17   deposition and bringing this motion, and because Plaintiff's incarcerated status renders him unable
18   to meaningfully meet and confer to make an incarcerated non-party sit for a deposition. *See*
19   *generally* ECF No. 24. Defendants have scheduled another deposition for Mr. Johnson for July
20   16, 2024. ECF No. 24-1 at 3.

21   Fed. R. Civ. P. 26(b)(1) provides that a party "may obtain discovery regarding any
22   nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs
23   of the case . . . ." Fed. R. Civ. P. 26(b)(1). Fed. R. Civ. P. 30(a), 45(a) provides that a party may
24   depose "any person" by oral questions by serving a subpoena on the nonparty, commanding a
25   nonparty "to attend and testify." Fed. R. Civ. P. 30(a), 45(a). A nonparty may challenge a
26   deposition subpoena only by moving to quash[2] or modify the subpoena pursuant to Fed. R. Civ. P.

---

[2] The legal term "quash" means to void or terminate. Black's Law Dictionary (11th ed. 2019). A motion to quash the deposition subpoena is a motion requesting that the deposition subpoena be

1  45(c)(3)(A).  *See BNSF Railway Co. v. Alere, Inc.*, C No. 18-cv-291-BEN-WVG, 2018 W
2  2267144, at *7 (S.D. Cal. May 7, 2018) ("the Court finds that the only way for a nonparty to seek
3  excusal from a subpoenaed deposition is to file a motion seeking to quash or modify the
4  subpoena.").  However, a subpoena may be quashed only in the limited circumstances set forth in
5  Fed. R. Civ. P. 45(c)(3)(A),[3] none of which appear to be applicable to Mr. Johnson.  In addition,
6  should Mr. Johnson want to quash (or void) the deposition subpoena, he is cautioned that a motion
7  to quash or modify "must be made *promptly*," allowing it to "be heard and granted before the
8  scheduled deposition."  *See* The Rutter Group, Federal Civil Procedure Before Trial § 11:2288
9  (2007) (emphasis in original).

The Court is mindful of Mr. Johnson's incarcerated status and will not rule on the motion to compel without first providing Mr. Johnson an opportunity to respond to the motion to compel.  If Mr. Johnson wishes to respond to the motion to compel, he shall file a response by July 19, 2024.  If the Court does not receive a response post-marked by July 19, 2024, the Court will rule on the motion to compel.  Mr. Johnson is cautioned that "[e]ven in the context of a nonparty deposition, a strong showing is required before a party will be denied entirely the right to take that deposition." *V5 Techs. v. Switch, Ltd.*, No. 217CV02349KJDNJK, 2019 WL 7489860, at *6 (D. Nev. Dec. 20, 2019) (internal quotation marks and citation omitted).

**II.  Motion to Change Time to File Dispositive Motion**

Defendants have requested that the Court extend the time for filing a dispositive motion to August 30, 2024, arguing that Mr. Johnson's failure to attend his deposition necessitates extending the dispositive motion deadline.  ECF No. 23.  In light of Defendants' representation that Mr. Johnson's deposition testimony is relevant to the claims in this action, the Court finds that Defendants have demonstrated good cause for extending the dispositive motion deadline and GRANTS Defendants' request.  Defendants shall file their dispositive motion by September 6,

---

voided or terminated, such that the deponent would not be required to sit for the deposition.
[3] Fed. R. Civ. P. 45(c)(3)(A) provides that a court must quash or modify a subpoena that fails to allow a reasonable time to comply; requires a person to comply beyond the geographical limits specified in Fed. R. Civ. P. 45(c); requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden.  Fed. R. Civ. P. 45(c)(3)(A).

3

2024.  Plaintiff's opposition to the dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed.  Defendants shall file a reply brief in support of their dispositive motion no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The Court requests that Mr. Johnson file a response to the pending motion to compel (ECF No. 24) by July 19, 2024.  If the Court does not receive a response post-marked by July 19, 2024, the Court will rule on the motion to compel.

2. The Court GRANTS Defendants' request for an extension of time to file their dispositive motion.  ECF No. 23.  Defendants shall file their dispositive motion by September 6, 2024.  Plaintiff's opposition to the dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed.  Defendants shall file a reply brief in support of their dispositive motion no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

This order terminates ECF No. 23.

**IT IS SO ORDERED.**

Dated:  July 10, 2024



JON S. TIGAR
United States District Judge

4