UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAYVION ROSS,

    Plaintiff,

v.

N. PALACIOS, et al.,

    Defendants.

Case No. 23-cv-00640-JST

**ORDER DENYING DEFENDANTS' MOTION FOR EVIDENTIARY SANCTIONS RE: WITNESS JOHNSON**

Re: ECF No. 46

Plaintiff, an inmate housed at Calipatria State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983, alleging that Salinas Valledy State Prison ("SVSP") correctional officers C. Tanori, N. Palacios, J. Juarez, G. Dominguez, E. Guijarro, J. Corona, C. Tange, and L. Hernandez used excessive force on him, in violation of the Eighth Amendment, when he was previously housed there. ECF Nos. 1, 8. Defendants have filed a motion requesting evidentiary sanctions related to witness Demetrius Johnson's refusal to be deposed. Dkt. No. 46. Plaintiff has not responded to this motion. For the reasons set forth below, the Court DENIES the request for evidentiary sanctions.

**DISCUSSION**

**I.    Background**

During his deposition, Plaintiff stated that non-party inmate Demetrius Johnson was an eyewitness to the relevant events and attempted to intervene when Plaintiff was being restrained. ECF No. 24-1 at 2. Defendants scheduled a deposition of Mr. Johnson for June 24, 2024. On June 13, 2024, Defendants personally served a non-party deposition subpoena on Plaintiff and on Mr. Johnson. ECF No. 24-1 at 2, 6-12, 14-15. Neither Plaintiff nor Mr. Johnson objected to the deposition subpoena. ECF No. 24-1 at 2.

On June 24, 2024, defense counsel was informed that Mr. Johnson refused to attend the scheduled deposition, saying, "No, I ain't going to that shit." ECF No. 24-1 at 2, 18-19.

On June 26, 2024, Defendants re-noticed Mr. Johnson's deposition for July 16, 2024; served the deposition notice on both Plaintiff and Mr. Johnson; and filed a motion requesting that the Court order Mr. Johnson to comply with the deposition subpoena. ECF No. 2-1 at 3, 26-31; ECF No. 25. The Court deferred ruling on the motion to compel so that Mr. Johnson could file a response. ECF No. 25 at 3. Mr. Johnson did not respond to the motion to compel.

On July 26, 2024, Defendants reported that Mr. Johnson refused to testify at the July 16, 2024 deposition. ECF No. 26. Mr. Johnson appeared at the deposition via videoconference, but stated that he was not comfortable with the deposition; that this lawsuit had nothing to do with him; that he felt that he was being punished or would be punished for not showing up at the deposition; that he felt that he was getting attacked for something he didn't do; and that he needed to speak to Plaintiff first. ECF No. 26 at 13-18. Mr. Johnson then left the deposition and refused to return. *See generally* ECF No. 26.

On November 18, 2024, the Court granted Defendants' motion to compel Mr. Johnson to comply with the deposition subpoena, finding that it was undisputed that Mr. Johnson's testimony is relevant to this action and that there was nothing in the record indicating that Mr. Johnson has a basis for quashing or modifying the subpoena. *See generally* ECF No. 42. The Court noted that Mr. Johnson had made clear his opposition to sitting for any deposition, and stated that instead of ordering Defendants to re-notice Mr. Johnson's deposition for a third time, Defendants should instead request the relief they believe appropriate to address, whether at summary judgment or at trial, their inability to obtain witness testimony from Mr. Johnson. ECF No. 42 at 4.

## II.    Motion for Evidentiary Sanctions

Defendants request that the Court issue an order precluding Mr. Johnson from testifying at trial; precluding Plaintiff from either introducing a declaration or affidavit from Mr. Johnson into evidence; and precluding Plaintiff from arguing or commenting on Mr. Johnson's observations. ECF No. 46. Defendants argue that such a sanction is within the Court's inherent powers to manage its affairs, and that a contempt finding or monetary sanctions would be ineffective because

2

1   Mr. Johnson is incarcerated. *Id.* Plaintiff has not opposed, or otherwise responded to, this request
2   for evidentiary sanctions.
3       The Court DENIES the request for evidentiary sanctions for the reasons set forth below.
4   "Federal courts have the authority to sanction litigants for discovery abuses both under the Federal
5   Rules of Civil Procedure and pursuant to the court's inherent power to prevent abuse of the
6   judicial process." *Meta Platforms, Inc. v. BrandTotal Ltd.*, 605 F. Supp. 3d 1218, 1236 (N.D. Cal.
7   2022). Fed. R. Civ. P. 37 and 45 set forth the sanctions for failure to cooperate in discovery. Fed.
8   R. Civ. P. 37 authorizes sanctions on parties for failure to cooperate in discovery. Fed. R. Civ. P.
9   37 does not discuss sanctions on non-parties. Fed. R. Civ. P. 45 governs subpoenas and provides
10  that a court may "hold in contempt a person who, having been served, fails without adequate
11  excuse to obey the subpoena . . ." Fed. R. Civ. P. 45(g). This provision applies to non-parties.
12  Indeed, "[u]nder Rule 45, the only procedure for enforcing a subpoena duces tecum [against a
13  third party] is to institute contempt proceedings before the district court that issued the subpoena."
14  *VISX, Inc. v. Nidek Co.*, 208 F.R.D. 615, 616 (N.D. Cal. 2002). Defendants acknowledge the
15  holding in *VISX*, ECF No. 46-1 at 2–3, but argue that it does not apply here because the *VISX*
16  court "did not address the Court's inherent powers," *id.* at 3.
17      Courts do have the inherent power to manage their own affairs so as to achieve the orderly
18  and expeditious disposition of cases, including to punish for contempt.

> This power reaches both conduct before the court and that beyond the court's confines, for "[t]he underlying concern that gave rise to the contempt power was not . . . merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial."

23  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citing *Young v. United States ex rel. Vuitton et
24  Fils S.A.*, 481 U.S. 787, 798 (1987)) (alterations in original). Because of the potency of these
25  inherent powers, they "must be exercised with restraint and discretion" and "[a] primary aspect of
26  that discretion is the ability to fashion an appropriate sanction for conduct which abuses the
27  judicial process." *Id.* at 44-45.
28      Here, however, the discovery violation and abuse of the judicial process was committed by

3

a third party, and there is nothing in the record to suggest that Plaintiff has any control over that third party. Defendants cite no case imposing the kind of sanction they seek on a party based on the conduct of a non-party. In the absence of such authority, the Court DENIES the motion.

## CONCLUSION

For the reasons set forth below, the Court DENIES the request for evidentiary sanctions. ECF No. 46.

This order terminates ECF No. 46.

**IT IS SO ORDERED.**

Dated: September 29, 2025



JON S. TIGAR
United States District Judge