UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAYVION ROSS,

          Plaintiff,

    v.

N. PALACIOS, et al.,

          Defendants.

Case No. 23-cv-00640-JST

**ORDER DENIYING DEFENDANTS HERNANDEZ AND JUAREZ'S MOTION FOR SUMMARY JUDGMENT; REFERRING CASE TO PRO SE PRISONER MEDIATION PROGRAM; ADMINISTRATVELY CLOSING ACTION; DIRECTIONS TO CLERK**

Re: ECF No. 56

Plaintiff, an inmate at Calipatria State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983, alleging that Salinas Valley State Prison ("SVSP") correctional officers Tanori, Palacios, Juarez, Dominguez, Guijarro, Corona, Avina, and Hernandez used excessive force on him on April 24, 2021, in violation of the Eighth Amendment. Now pending before the Court is Defendants Hernandez and Juarez's motion for summary judgment. ECF No. 56. Plaintiff has not filed an opposition, and the deadline to do has since passed. For the reasons set forth below, the Court DENIES Defendants Hernandez and Juarez's motion for summary judgment. ECF No. 56.

**DISCUSSION**

I.    **Procedural Background**

The complaint alleges that Salinas Valley State Prison correctional officers Tanori, Palacios, Juarez, Dominguez, Guijarro, Corona, Avina, and Hernandez used excessive force on Plaintiff on April 24, 2021, in violation of the Eighth Amendment. The complaint requests the following relief: $500,000 in compensatory damages, $1 million in punitive damages, and $250,000 in nominal damages from each defendant; an order requiring expungement of the April

24, 2021 rules violation report; an injunction prohibiting Defendants from further use of unreasonable, excessive force, and from issuing false writeups or disciplinary violation reports to inmates who request to speak with sergeants or other CDCR employees; and an order requiring the CDCR to diversify its staff and assign "equal African American CDCR employees to work as officers at SVSP Facility C." *See generally* ECF No. 1.

On September 29, 2025, the Court granted Defendants' summary judgment motion seeking to dismiss Defendant Avina from this action for failure to exhaust administrative remedies, and seeking to dismiss the injunctive relief claims. ECF Nos. 27, 50. At that time, the remaining claim in this action was that Defendants Tanori, Palacios, Juarez, Dominguez, Guijarro, Corona, and Hernandez used excessive force on Plaintiff on April 24, 2021. ECF No. 50 at 15.

## II.     Defendants Hernandez and Juarez's Summary Judgment Motion

### A.     Factual Background

*Plaintiff's Version of Events.* Plaintiff has not filed an opposition to the summary judgment motion. The Court's summary of Plaintiff's version of the relevant events is therefore taken from the complaint and the portion of Plaintiff's deposition testimony that Defendants filed with their summary judgment motion. On April 24, 2021, Plaintiff asked to speak to a facility sergeant regarding making an approved phone call. In response to this request, the unit officer sent Defendant Palacios into the pod. Plaintiff repeated his request to see a facility sergeant to Defendant Palacios. Defendant Palacios told Plaintiff, "Fuck you," and activated the emergency alarm on his belt, which caused Defendants Tanori, Correa, Alvarez, Dominguez, Gujarro, and Avina to rush Plaintiff. Although Plaintiff was not behaving in an aggressive or threatening manner, these defendants proceeded to hit him. Defendants Palacios and Tanori grabbed Plaintiff, and Defendant Tanori kicked Plaintiff in the right knee. Plaintiff fell to the ground, and Defendants Palacios, Tanori, Hernandez, Guijarro, Dominguez, Corona, and Juarez started beating him, punching his face and body, and placing their knees on his neck and almost cutting off Plaintiff's air circulation. *See generally* ECF No. 1. When asked at his deposition about Defendant Hernandez's involvement in the incident, Plaintiff responded as follows:

/ / /

2

Q:     Okay.  Do you recall approximately how many times you were punched in the face?

A:     No.

Q:     Okay.  And let's see.  With Officer Hernandez, do you know where he was placed around your body at the time?

A:     No.

Q:     Okay.  And was he punching?

A:     Hernandez – like I said in my interrogatories, he was responsible because, as a CO, he was supposed to defuse the situation; did not.

ECF No. 56-1 at 18.

*Defendants Hernandez and Juarez's Version of Events*.  On April 24, 2021, Plaintiff refused Defendants Palacio and Juarez's instruction to return to his cell.  Defendant Palacios then ordered Plaintiff to submit to handcuffs, and Plaintiff again refused.  When staff attempted to handcuff Plaintiff, he again resisted.  Staff took Plaintiff to the ground, and Defendants Palacios and Guijarro attempted to apply mechanical restraints while Plaintiff resisted by pulling his arms away from them.  Defendants Hernandez and Juarez were supervising recreational morning yard when a Code 1 alarm was issued for a resistive inmate in C1 A-Pod.  Defendants Hernandez and Juarez proceeded to C1 A-Pod where they observed Plaintiff on the dayroom floor in front of the dayroom shower, resisting Defendants Palacios and Guijarro's attempts to gain control of his arms, resisting Defendants Palacios and Guijarro's attempts to apply mechanical restraints to his hands, and refusing to comply with verbal commands to submit to handcuffs and cease resistive behavior.  Defendant Hernandez gave Plaintiff verbal commands to place his hands behind his back and submit to handcuffs, but Plaintiff did not comply.  Plaintiff began to kick his legs violently in an up-and-down order.  In order to overcome Plaintiff's resistance, force Plaintiff's compliance, and gain control of Plaintiff's right leg, Defendant Hernandez placed his hands on Plaintiff's calf and pushed it down.  Defendant Hernandez denies using any other force on Plaintiff, and denies punching or kicking Plaintiff.  Defendant Juarez states that he did not apply any force to Plaintiff, and that he was instead involved with applying leg irons to a different inmate, inmate Johnson, who had refused orders to get down and assume a prone position.  ECF No. 56-1 at 9-13.

### B.      Summary Judgment Standard

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See id.*

A court shall grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial [,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file, 'designate 'specific facts showing that there is a genuine issue for trial.'" *See id.* at 324 (citing Fed. R. Civ. P. 56(e)).  "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact" precluding summary judgment.  *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

For purposes of summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all justifiable inferences in that party's favor.  *AXIS Reinsurance Co. v. Northrop Grumman Corp.*, 975 F.3d 840, 844 (9th Cir. 2020).  If, as to any given material fact, evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the Court must assume the truth of the evidence set forth by the nonmoving party with respect to that material fact.  *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013).  However, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  The court's

function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence. *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017).

### C.    Legal Standard for Excessive Force Claim

The treatment a convicted prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial determination is whether force was applied in a good-faith effort to maintain or restore discipline, or was applied maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)). In making this determination, a court may evaluate the need for application of force; the relationship between that need and the amount of force used; the extent of any injury inflicted; the threat reasonably perceived by the responsible officials; and any efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7; *see also Spain v. Procunier*, 600 F.2d 189, 195 (9th Cir. 1979) (guards may use force only in proportion to need in each situation).

### D.    Analysis

Defendant Juarez argues that he is entitled to summary judgment because he did not apply any force to Plaintiff. Defendant Hernandez argues that he is entitled to summary judgment because he did not apply force maliciously or sadistically or for the purpose of causing harm, and that the force that he used was limited to holding down Plaintiff's leg while Plaintiff was resisting the application of restraints by other officers. In the alternative, Defendant Hernandez argues that he is entitled to qualified immunity because he applied force in a good faith effort to maintain order and discipline.

With respect to Defendant Juarez, there is a triable issue of material fact as to whether he applied force to Plaintiff. Although Plaintiff has not filed an opposition to the summary judgment motion, he also has not withdrawn the statement made in his complaint alleging that he was

United States District Court
Northern District of California

neither resisting nor behaving aggressively, yet Defendant Juarez and other defendants beat him, punched his face and body, and placed their knees on his neck, almost cutting off his air circulation.  At summary judgment, the Court cannot make credibility determinations.  Because the parties offer competing versions of Defendant Juarez's involvement in the events on April 24, 2021, the Court DENIES Defendant Juarez's request for summary judgment.

With respect to Defendant Hernandez, because the parties offer competing versions of Defendant Hernandez's involvement in the events on April 24, 2021, there remains a triable issue of material fact as to whether Defendant Hernandez applied excessive force to Plaintiff in violation of the Eighth Amendment and precludes the application of qualified immunity. Although Plaintiff has not filed an opposition to the summary judgment motion, he also has not withdrawn the statement made in his complaint alleging that he was neither resisting nor behaving aggressively, yet Defendant Hernandez and other defendants beat him, punched his face and body, and placed their knees on his neck, almost cutting off his air circulation.  Plaintiff's deposition response to the question of whether Defendant Hernandez was punching him does not clearly disavow or contradict the allegations regarding Defendant Hernandez made in the complaint.  At summary judgment, the Court cannot make credibility determinations and must assume the truth of Plaintiff's version of events.  If Plaintiff's version of events is true, Defendant Hernandez is not entitled to qualified immunity.  To determine whether an officer is entitled to qualified immunity, the Court must consider whether (1) the officer's conduct violated a constitutional right, and (2) that right was clearly established at the time of officer's misconduct.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  Plaintiff has alleged the force used by defendants, including Defendant Hernandez, was applied maliciously and sadistically for the very purpose of causing harm, as he was neither resisting nor combative.  As of April 24, 2021, it was clearly established law in the Ninth Circuit that the Eighth Amendment is violated when the force used to quell a prison disturbance is applied "maliciously and sadistically for the very purpose of causing harm," and not in a good faith effort to restore or maintain discipline.  *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). If Plaintiff's version of events is true, then Defendant Hernandez is not entitled to qualified immunity.  The Court therefore DENIES Defendant Hernandez's request for summary judgment.

**CONCLUSION**

For the reasons set forth above, the Court ORDERS as follows.

1.      The Court DENIES Defendants Hernandez and Juarez's motion for summary judgment.  ECF No. 56.

2.      Defendants have informed the Court that the claims against Defendants Palacios, Corona, Guijarro, and Dominguez cannot be resolved through a dispositive motion.  ECF No. 55. Accordingly, the claim remaining in this action is that Defendants Tanori, Palacios, Juarez, Dominguez, Guijarro, Corona, and Hernandez used excessive force on Plaintiff on April 24, 2021.

3.      The case is hereby REFERRED to Magistrate Judge Robert Illman for settlement proceedings pursuant to the Pro Se Prisoner Mediation Program.  Such proceedings shall take place within 120 days of the date this order is filed, or as soon thereafter as Magistrate Judge Illman's calendar permits.  Magistrate Judge Illman shall coordinate a place, time and date for one or more settlement conferences with all interested parties and/or their representatives and, within fifteen days of the conclusion of all settlement proceedings, shall file with the Court a report thereon.  The Clerk is directed to serve Magistrate Judge Illman with a copy of this order and to notify Magistrate Judge Illman that a copy of the Court file can be retrieved from the Court's electronic filing database.

4.      In view of the referral, the Court ORDERS the Clerk to administratively close this action.  If the case is not settled, the Court will reopen this action and enter a new scheduling order for further proceedings.

This order terminates ECF No. 56.

**IT IS SO ORDERED.**

Dated:  February 23, 2026

_____
JON S. TIGAR
United States District Judge